IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.  NO. 05-CR-02770 JC

CAMILLE SUZANNE LENTE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *United States' Motion for Restitution Pursuant to the Mandatory Victims Restitution Act*, filed February 21, 2007 (*Doc. 50*)("Motion"). The Court, having considered the Motion, the parties' submissions, the record, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is denied.

**I.**  **Background**

On the night of December 2, 2005, a Chevrolet Suburban driven by then-intoxicated Defendant Camille Lente was traveling northbound on State Road 47 on the Indian Reservation and crossed the center line into the southbound lane. The Suburban struck a Ford Ranger, driven by Jessica Murillo, head-on. Anthony Tewahaftewa, an 18-year old passenger in Defendant's vehicle, Andres Murillo, age 12, and Joshua Romero, age 17, passengers in Jessica Murillo's vehicle, were each pronounced dead at the scene. Jessica Murillo was seriously injured.

The offenses to which Defendant pled guilty, as they relate to the deceased victims, consist of three counts of involuntary manslaughter. At the sentencing hearing on December 14, 2006, I imposed an 18-year prison term and ordered restitution in the amount of $33,381.76 for

medical treatment, funeral expenses, and other direct losses to the victims and/or their estates resulting from Defendant's offenses.  Defendant filed a Notice of Appeal of her sentence on February 7, 2007.  The government presently moves the Court to impose additional restitution in the form of lost future wages to be paid to the estates of the three young people who died as a result of Defendant's conduct.  The government has not (1) filed or otherwise provided for the Court any dollar amount or projection thereof or (2) requested a hearing on its Motion.  Further, no reply brief was filed by the government.

## II.     Legal Standard

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."  *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

## III.    Discussion

The Mandatory Victims Restitution Act (MVRA) was enacted in 1996 and codified at 18 U.S.C. § 3663A, *et seq*.  The MVRA makes restitution mandatory in certain cases, including crimes of violence as defined in 18 U.S.C.§ 16.  For purposes of the MVRA, "crime of violence" means:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §16.  The government moves for lost future income restitution, referring to such an order as "permissible" under the MVRA.  In support, the government relies on the language of the Act and an Eighth Circuit opinion determining that lost future income "can be included in a

restitution order." Motion at 4 (quoting *United States v. Oslund*, 453 F.3d 1048 (8th Cir. 2006)). The government does not directly address the open question in the Tenth Circuit as to whether involuntary manslaughter constitutes a crime of violence for purposes of the MVRA or the fact that jurisdiction over this matter arguably lies in the Tenth Circuit at this juncture. That is, Defendant contends that her crimes of involuntary manslaughter do not constitute "crimes of violence," so the special procedural and jurisdictional provisions of the MVRA do not apply to provide exception to the general rule that the district court is divested of jurisdiction upon filing of a notice of appeal. *See United States v. Dando*, 287 F.3d 1007, 1009 (10th Cir. 2002)(the "court's authority to order restitution derives solely from the statutory grant of jurisdiction" in the MVRA). Accordingly, Defendant argues, the Court lacks jurisdiction to order any further restitution at this juncture.

Notably, the Tenth Circuit has not yet decided whether a DUI vehicular homicide meets the crime of violence definition under §16 as incorporated in the MVRA, though it indeed anticipated the question in *United States v. Bedonie*, 413 F.3d 1126, 1130 (10th Cir. 2005). In *Bedonie*, the Tenth Circuit acknowledged the unanimous United States Supreme Court decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004) (holding, in the context of the Immigration and Nationality Act, that the crime of driving while intoxicated resulting in serious bodily injury did not meet the definition for crime of violence under 18 U.S.C. § 16(a) or (b)), and contemplated, without determining, its effect on *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993)(manslaughter is a crime of violence).

I am in agreement with Defendant's statement that "ordering [Ms. Lente] to pay [what would likely amount to] millions of dollars in restitution would be the equivalent to ordering her

to carry water in a sieve." Resp. at 8. I sentenced Defendant to serve the next 18 years of her life in prison. When she is released, it is likely that she will still owe a significant portion of the $33,381.76 in restitution I ordered as well. It is not sympathy for the Defendant, but a sense of pragmatism that leads me to conclude that no meaningful purpose would be served by ordering this Defendant to pay insurmountable sums of money under these circumstances. Moreover, the government has not submitted for the Court's consideration any projection of the future income of the youths killed in this tragedy, but any such projection would necessarily be highly speculative. All of that said, I am remain mindful that if the convictions for DUI-related involuntary manslaughter were "violent crimes" under the MVRA, I would not be permitted to take Defendant's ability to pay into account.

### III. Conclusion

In summary, I am not convinced that I have the discretion to order further restitution at this juncture, for an appeal of Defendant's sentence is now pending before the Tenth Circuit. Furthermore, based upon the facts, circumstances, and record before me, I would not order lost future wages in this case even if I retain both jurisdiction and discretion to do so. In fact, I would so order only if mandated.

WHEREFORE,

**IT IS ORDERED** that *United States' Motion for Restitution Pursuant to the Mandatory Victims Restitution Act*, filed February 21, 2007 (*Doc. 50*) is DENIED.

Dated April 2, 2007.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Charles L. Barth, AUSA
    Albuquerque, New Mexico

Counsel for Defendant:

    Benjamin A. Gonzales, AFPD
    Albuquerque, New Mexico