UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Criminal No. 05-2770 WJ

CAMILLE SUZANNE LENTE,

    Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING SECOND AMENDED PETITION FOR REVOCATION OF SUPERVISED RELEASE

**THIS MATTER** comes before the Court upon the Government's Second Amended Petition for Revocation of Supervised Release (Doc. 220) and its Amended Memorandum Brief in Support of the Petition (Doc. 235). Having reviewed the parties' pleadings and the applicable law, a hearing having been held and evidence and the arguments of counsel having been considered, this Court **FINDS** that the United States has met its burden of establishing that the Defendant violated her conditions of supervised release as alleged in the Second Amended Petition.

## BACKGROUND

In 2005, Defendant drove her car while drunk and collided into an oncoming vehicle, which killed twelve-year-old and seventeen-year-old boys. The driver of the vehicle struck by Defendant suffered fractures to her right femur, right shoulder, and right ankle. The male passenger in Defendant's vehicle was also killed. In 2006, Defendant pled guilty to involuntary manslaughter and received an above-Guidelines term of incarceration of 218 months. This

sentence resulted in a succession of appeals to the Tenth Circuit. The matter was reassigned to the undersigned in July of 2009. In 2012, this Court resentenced Defendant to 192 months and four separate terms of supervised release to run concurrently. This Court's 192-month sentence was affirmed by the Tenth Circuit Court of Appeals. *See* Doc. 179; *United States v. Lente*, 759 F.3d 1149 (10th Cir. 2014).

Defendant began her terms of supervised release on September 11, 2020. On November 23, 2021, Defendant's probation officer attempted to contact her, but found that her phone number was no longer in service. The officer contacted Defendant's mother, who relayed that Defendant had moved. Defendant did not receive permission to change residences or provide an updated address. As a result, the U.S. Probation Office filed a Petition for Revocation (Doc. 185) for allegedly failing to notify the probation officer at least ten days prior to any change in residence or employment.

On December 1, 2021, Isleta Police Department officers encountered Defendant and arrested her on an outstanding warrant. The Court then held a hearing on the Petition on January 5, 2022 and directed Defendant to reside at Diersen Residential Reentry Center. However, when Defendant was released from the Cibola County Detention Center, she did not report to Diersen. She was required to obtain a negative Covid-19 test before being admitted to Diersen. The probation office instructed her to obtain a test, but she failed to do so. She was also instructed to stay with her aunt and uncle in Estancia until she could obtain a test. She ignored numerous calls and text messages from her probation officer and never reported to Diersen.

On January 18, 2022, Defendant's aunt reported to the probation officer that Defendant had not been residing with her for several days, and that her location was unknown. The officer then contacted Defendant numerous times over the course of several days, finally obtaining a

text message containing an address on the Isleta reservation. The officer attempted a home visit to that address, but Defendant responded that she was not there at the moment and had returned to Estancia. Defendant then again stopped responding to text messages and phone calls. The Probation Office filed an Amended Petition for Revocation explaining that Defendant failed to report to Diersen and her whereabouts were unknown.

      On February 25, 2022, Isleta Police Officer Max Salas encountered Defendant in Isleta. He observed a vehicle parked partially in an intersection, and approach the driver (Defendant) and passenger (Jonathon Garcia). Defendant informed Officer Salas that she had run out of gas. After obtaining Defendant's identification card, Officer Salas discovered an outstanding warrant for Defendant for vehicular homicide. Salas ordered Defendant to exit her car. She refused, yelling and cursing at him. After numerous refused requests and orders for Defendant to exit the car, Defendant started her car and sped away. Officer Salas broke the glass to the driver's side window as Defendant was driving away. Officer Salas and another officer then began a pursuit, activating their lights and sirens, which Defendant also ignored. The passenger, Mr. Garcia, attempted to open the passenger door, but Defendant reached across him to restrain him and refused to let him out. She swerved into oncoming traffic, driving in and out of both lanes, which caused a white pickup truck to pull entirely off the road to avoid a potential collision. She sped up and slowed down in an attempt to lose the officers, and at one point came to an almost complete stop before abruptly accelerating.

      Defendant finally came to a halt when her car actually ran out of gas. Five police vehicles had since arrived and officers ordered her out of her car with guns drawn. Yet, Defendant still refused to exit the vehicle. Officer Jeffrey Tenorio sprayed pepper spray through the broken

window, which finally forced Defendant to exit. She verbally abused the officers as they detained her, calling them child molesters, rapists and wife-beaters.

While being booked, Defendant admitted that she restrained Mr. Garcia from exiting the car. She was charged with resisting/evading/obstructing an officer, false imprisonment, and reckless driving. She pled guilty to all three charges in Tribal Court and received a five-day sentence and fine. On March 7, 2022, a Second Amended Petition for Revocation was filed, alleging that Defendant violated the condition of not committing another federal, state, or local crime.

## DISCUSSION

A district court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated a condition of supervised release. *See United States v. Wilson*, No. 21-1099, 2022 WL 1184043, at *2 (10th Cir. Apr. 21, 2022) (unpublished) (citing 18 U.S.C. § 3583(e)(3)). One condition of Defendant's Supervised Release was to "reside in a residential reentry center for a term of (up to) 6 months." Doc. 208. The Court received ample evidence that Defendant failed to reside at Diersen or any other reentry century. Instead, she avoided contact with her probation officer and resided in various unauthorized locations. Therefore, this Court determines that she violated this condition.

Next, Defendant was required to "not commit another federal, state, or local crime." Doc. 168. She was charged with and pled guilty to resisting/evading/obstructing an officer, reckless driving, and false imprisonment in violation of Isleta tribal law. Additionally, she was charged with those same offenses in violation of New Mexico state law. The elements of resisting/evading/obstructing an officer in violation of NMSA § 30-22-01(C) are as follows:

1. Officer Salas was a peace officer in the lawful discharge of duty;

2. Lente knew that Officer Salas was a peace officer; and

3. Lente willfully refused to bring a vehicle to a stop when given a visual or audible signal to stop by Officer Salas, a uniformed officer who was in an appropriately marked police vehicle.

New Mexico Uniform Jury Instructions – Criminal 14-2215. Defendant's actions met each of these elements. Officer Salas was a tribal police officer lawfully discharging his duty. Defendant was aware that he was a peace officer, as she had ample opportunity to observe his uniform, his fully marked police car, and acknowledged to him that she knew he was a police officer. Doc. 235, Exhibit 2 at 5. After Lente fled from officers, she refused to bring her vehicle to a stop, despite signals from the many marked police cars chasing her. *Id.* at 5, 7. Thus, the Court finds that she violated this state law.

Moreover, Reckless Driving is defined as the following:

Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving. NMSA § 66-08-113.

Defendant violated this provision by leading officers on a dangerous chase. She swerved in and out of traffic, dangerously driving in both lanes of the road. Her swerving into oncoming traffic endangered not only the officers pursuing her, but also the occupants of the white pickup truck that had to pull off the road to avoid her. Doc. 235, Exhibit 2 at 7.

Finally, Defendant falsely imprisoned her passenger. "False imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that [s]he has no lawful authority to do so." NMSA § 30-04-03. Officers observed Defendant preventing her passenger, Garcia, from exiting the vehicle. Doc. 235, Exhibit 2 at 7. She then made recorded admissions that she had prevented him from doing so. Doc. 235, Exhibit 4 at

15:14:28-15:14:42; *id.* at 16:28:00-16:28:17. There is no indication that Garcia consented, or that Lente had any lawful authority whatsoever. Thus, the Court finds she violated this law.

Based on the foregoing violations of her conditions, the Court determines Defendant's supervised release should be revoked. Her behavior is particularly concerning given her prior behavior of driving recklessly due to drinking, which formed the basis of her underlying charges. While there is no evidence of drinking in this instance, her risky driving in a high speed chase—which only concluded because she happened to run out of gas—shows a lack of change in behavior. Defendant has shown a lack of respect for authority by ignoring her probation officer over long periods of time and refusing to obey instructions. She exhibited the same behavior when she interacted with officers before her chase. She refused orders to exit the vehicle, and troublingly, only exited after being forced out by pepper spray. Thus, the Court will revoke her supervised release. The Court will fashion a sentence at Defendant's sentencing hearing.

IT IS SO ORDERED.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE